# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GODINEZ,<br><br>Plaintiff,<br><br>v.<br><br>FELIX M. LARA, FRESNO CALIFORNIA HIGHWAY PATROL, VISALIA COUNTY HIGHWAY PATROL, TULARE COUNTY HIGHWAY PATROL, TULARE COUNTY SHERIFF'S OFFICE, VISALIA POLICE DEPARTMENT, CITY OF VISALIA, JOHN DOES, 1-50,<br><br>Defendants. | 1:10-cv-303 OWW GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS WITHOUT LEAVE TO AMEND AND GRANTING PLAINTIFF LEAVE TO AMEND OTHER CLAIMS |

## INTRODUCTION

Plaintiff, Richard Godinez, ("Plaintiff"), a state prisoner, appearing pro se and proceeding in forma pauperis, filed the instant complaint on February 22, 2010. Plaintiff alleges he was unlawfully detained by police for a traffic infraction and was illegally arrested and beaten by Defendants. Plaintiff files this civil rights action pursuant to 42 U.S.C. §1983 based on violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges causes of action pursuant to California Civil Code § 52.1 and Article 1 § 13 of the California Constitution. Plaintiff names Felix M. Lara, Officer of the California Highway

1

Patrol (hereinafter "CHP"), the Fresno California Highway Patrol, the Visalia County Highway Patrol, the Tulare County Highway Patrol, the Tulare County Sheriff's Department, the Visalia Police Department, the "chief head officer" from each of these government agencies, the City of Visalia, and John Does 1-50. Plaintiff sues all defendants in their individual and official capacities.

## DISCUSSION

A.     Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff alleges that March 20, 2008, he was driving his car north on Burke Street in Visalia California. As he approached Main Street, the traffic light was red and then turned green. Plaintiff alleges that after the light was green, he proceeded through the intersection. Plaintiff alleges that Officer Felix M. Lara from the CHP and his partner were parked at the intersection and began following Plaintiff. Plaintiff contends that the officers ordered him to pull over without probable cause. Plaintiff failed to yield and fled from the officers. Plaintiff alleges that the police officers called for back-up from other law enforcement agencies including, *inter alia*, additional CHP officers, the Visalia Police Department, and the Tulare County Sheriff's Department.

The pursuit eventually ended after Plaintiff struck a stop sign and he fled on foot. Plaintiff alleges that Officer Felix M. Lara ordered Plaintiff to stop and told Plaintiff that if Plaintiff failed to do so, a taser would be deployed. Plaintiff alleges that CHP officers and other law enforcement used the taser and stun guns seven (7) times to stop Plaintiff. Plaintiff also alleges that the officers began punching and kicking Plaintiff in his nose, face, and eyes which resulted in Plaintiff's injuries including two black eyes, a two inch laceration to the right side of his nose, and a two inch laceration on the right side of his head.

Plaintiff alleges that his hands were placed behind his back and an unidentified officer tried to put Plaintiff's wallet in his front pocket but Plaintiff refused. Plaintiff alleges that officers forced Plaintiff to the ground and tased him one more time in each leg.[1] After officers gained control of Plaintiff, Plaintiff was placed in leg restraints and placed in the back seat of the patrol car where officers allegedly began cursing at Plaintiff, taunting him, and "flipped him off."

---

[1] It is unclear from the complaint if Plaintiff was tased a total of nine times or a total of eleven times.

3

1 Complaint at pg. 22 at line 3-4.

2   Plaintiff alleges he was taken to Visalia Kaweah Delta District Hospital by officers where he received stitches on the right side of his nose and the right side of his face, as well as a blood test. Subsequently, he was taken to the Visalia Jail. No other medical care was provided even after Plaintiff was lying down in pain and reported he had been beaten by police officers.

   Plaintiff contends that there was no probable cause to initiate a traffic stop because the traffic light was green at the time he went through the intersection. Moreover, Plaintiff contends that he was not armed and never posed a threat to officers but merely failed to comply with commands. Thus, the force used by officers was excessive. He alleges causes of action pursuant to 42 U.S.C. §1983 based on violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as California Civil Code § 52.1 and Article 1 § 13 of the California Constitution.

   As a result of this incident, Plaintiff alleges that he suffered emotional and physical injuries including but not limited to severe pain. Complaint at pg. 27. Plaintiff seeks monetary damages to compensate him for his physical and emotional injuries. Specifically, Plaintiff requests two million dollars from each defendant for each cause of action, attorney's fees and costs. Complaint at pg. 46-47.

C.   Analysis of Plaintiff's Claims

   **1.   *Rule 8(a)***

   As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

   Plaintiff will be given an opportunity to amend portions of his complaint to comply with Rule 8(a). In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only

those claims that he believes, in good faith, are cognizable. Plaintiff is advised that his amended complaint must contain all necessary allegations. Moreover, if Plaintiff wishes to allege causes of action, he must separate each claim and state facts in support of each individual claim against each defendant.

**2.**     *Section 1983 Claims*

The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. 42 U.S.C. § 1983...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is advised that <u>to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights</u>. This linkage requirement mandates that Plaintiff name an individual defendant for each alleged violation. If Plaintiff does not know the names of the officers, he can identify the officer as John Doe number one, number two, etc ... However, the actions of each officer must be clearly outlined.

      a.     *Eighth Amendment Claim*

Plaintiff alleges that this incident resulted in a violation of his Eighth Amendment rights, however, the Eighth Amendment prohibits excessive bail, fines, or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977). Plaintiff imposes liability based on a violation of the Eighth Amendment related to claims that arose at the time of his arrest,

5

rather than after his conviction. Therefore, the Eighth Amendment does not apply. "The Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence." Lee v. City of Los Angeles, 250 F. 3d 668, 686 (9th Cir. 2001). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident. Therefore, it will be recommended that the claim brought under the Eighth Amendment be DISMISSED WITHOUT LEAVE TO AMEND.

        *b.*    *Fourteenth Amendment*

Plaintiff also alleges that his Fourteenth Amendment rights were violated. The central basis for this allegation appears to be Plaintiff's claims of excessive use of force. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994). For this reason, claims of excessive force or unlawful arrest must be analyzed under the Fourth Amendment and its reasonableness standard. Graham v. Connor, 109 S. Ct. 1865 (1989). Therefore, the Fourteenth Amendment is not implicated in this case and it is recommended that this claim be DISMISSED WITHOUT LEAVE TO AMEND.

        *c.*    *Fourth Amendment Claim*

A claim of excessive force in the course of making an arrest may be brought in a section 1983 claim. This claim is properly analyzed under the Fourth Amendment's objectively reasonableness standard. Scott v. Harris, 127 S. Ct. 1769 (2007); Graham v. Connor, 109 S. Ct. 1865 (1989). This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation. Graham v. Connor, 109 S. Ct. at 1865. Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Gregory v. County of Maui, 523 F. 3d 1103, 1106 (9th Cir. 2008) citing Graham v. Connor, 109 S. Ct. at 1865. The factors the court uses in this analysis are: 1) the severity of the crime at issue, 2) whether a suspect posses an immediate threat

to the safety of the officer and others, and 3) whether a suspect resists arrest. Graham v. Connor, 109 S. Ct. at 1872; Arpin v. Santa Clara Valley Transp. Agency, 261 F. 3d 912, 921 (9th Cir. 2001).

In this case, Plaintiff describes an incident in which he alleges police officers used excessive force. However, other than naming one officer, Plaintiff has failed to identify other defendants and what specific actions each officer took in the alleged violations. Plaintiff must do so in order to state a cause of action against the named Defendants. For example, Plaintiff names Defendant Felix Lara, however, other than stating Officer Lara pulled Plaintiff over for a traffic violation and ordered Plaintiff to stop fleeing or a taser would be used, Officer Lara's actions are not specifically identified. Moreover, Plaintiff makes several allegations that officers beat him and used a taser excessively, however, he has failed to identify the role each officer took in the incident.

Moreover, Plaintiff is contesting his arrest based on a lack of probable cause. Initially, it is noted that "establishing a lack of probable cause . . . does not establish an excessive force claim." Beier v. City of Lewiston, 354 F.3d 1058, 1064 (9th Cir. 2004). An arrestee's resistance may support the use of force regardless of whether probable cause existed. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d at 922; see also Blanford v. Sacramento County, 406 F.3d 1110, 1115-1118 (9th Cir. 2005). "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." Lassiter v. City of Bremerton, 556 F.3d 1049, 1053 (9th Cir. 2009). The existence of probable cause may be considered as a part of the totality of circumstances affecting the excessive force analysis. See Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005). The absence of probable cause of an arrest does not grant an individual the right to offer resistence. United States v. Span, 970 F. 2d 573, 580 (9th Cir. 1992).

It is not clear from the complaint if Plaintiff is attempting to challenge a conviction on the basis that there was no probable cause. It appears Plaintiff was ultimately convicted of an offense as he was incarcerated at the time he filed the instant complaint. Plaintiff is advised that if he was convicted of an offense as a result of this incident, he may not challenge the lawfulness of the

conviction under section 1983.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  When seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Given that it appears Plaintiff may be incarcerated for the conviction at issue, he cannot bring a 1983 claim to challenge the legality of his underlying criminal conviction if the conviction has not been found to be invalid.

Additionally, in support of his argument that there was a lack of probable cause for his arrest, Plaintiff alleges that police officers filed a false police report as part of this incident.[2]  The filing of false reports during a criminal proceeding may be brought under a malicious prosecution claim.  A claim for malicious prosecution or abuse of process is not generally cognizable under § 1983 if a process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted).  Here, Plaintiff alleges there was no probable cause for his arrest which is covered under the Fourth Amendment.

In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v.

---

[2] Plaintiff alleges that the police report states that Plaintiff failed to stop at a stop sign.  Plaintiff contends that this statement is false since there is only a light at the intersection in question.

1  City of Santa Ana, 68 F3d 1180, 1189 (9th Cir1995) (citations omitted).  Malicious prosecution
2  actions are not limited to suits against prosecutors, but also may be "brought against other persons
3  who have wrongfully caused the charges to be filed." Awabdy v. City of Adelanto, 368 F3d 1062,
4  1066 (9th Cir2004), citing Galbraith v. County of Santa Clara, 307 F3d 1119, 1126-27 (9th Cir
5  2002).

6       A malicious prosecution claim under § 1983 is based on state law elements. See Usher,
7  828 F.2d at 562.  In order to establish a malicious prosecution cause of action under California
8  law, Plaintiff must establish that the prior proceeding commenced by or at the direction of the
9  malicious prosecution defendant was pursued (1) to a legal termination favorable to the plaintiff;
10 (2) brought without probable cause; and (3) initiated with malice. Villa v. Cole, 4 Cal.App. 4th
11 1327, 1335, 6 Cal.Rptr.2d 644 (1992); Sagonowsky v. More, 64 Cal.App.4th 122, 128, 75
12 Cal.Rptr.2d 118 (1998).  If a plaintiff cannot establish any one of these three elements, his
13 malicious prosecution action will fail. StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal.App.4th
14 1392, 1398, 39 Cal.Rptr.3d 682 (2006).

15      Based on the above, Plaintiff's §1983 claim based on a violation of the Fourth
16 Amendment will be DISMISSED WITH LEAVE TO AMEND.  Plaintiff is advised that if he
17 intends to pursue a malicious prosecution claim he must establish that any legal proceedings
18 related to this incident were terminated in his favor.

19      *d.*     *Respondeat Superior*

20      Plaintiff has named the "chief head officers" of several law enforcement agencies as John
21 Does in this action.  Complaint at bp. 29.  "Although there is no pure *respondeat superior* liability
22 under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if
23 the supervisor participated in or directed the violations, or knew of the violations and failed to act
24 to prevent them.'" Hydrick v. Hunter, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040,
25 1045 (9th Cir. 1989)).

26      Plaintiff wholly fails to identify specific supervisors, and the complaint does not explain
27 the role of any of specific supervisors in this incident.  Plaintiff also fails to make any allegations
28 of direct participation.  Although Plaintiff alleges that chief supervisory officers from law

9

enforcement agencies are responsible for the training and disciplining of subordinate officers who violated Plaintiff's constitutional rights, Plaintiff has not established that any of these supervisors were present at the time of the incident, or that they knew about the incident and did nothing to prevent it. To the extent that Plaintiff intends to bring claims against Defendants based on their supervisory roles, Plaintiff's allegations as written are insufficient to state a § 1983 claim against them. Plaintiff's claims against these Defendants will be DISMISSED WITH LEAVE TO AMEND.

      *e.      Eleventh Amendment*

Plaintiff has named the Fresno California Highway Patrol, the Visalia County Highway Patrol, the Tulare County Highway Patrol, the Tulare County Sheriff's Department, and the Visalia Police Department as Defendants. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See, Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. at 144; Natural Resources Defense Council v. California Dept. of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d at 1053; see also Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

The Eleventh Amendment's bar to actions against states and their entities in federal courts provides grounds to dismiss the complaint against these defendants. The complaint alleges no conduct that falls outside the scope of the immunities. Thus, the Fresno California Highway

Patrol, the Visalia County Highway Patrol, the Tulare County Highway Patrol, the Tulare County Sheriff's Department, and the Visalia Police Department are immune from this suit and this Court recommends that they be DISMISSED WITHOUT LEAVE TO AMEND.

  *f.*  *The City of Visalia*

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. at 691; Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirements." Thompson v. City of Los Angeles, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decision maker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." Thompson v. City of Los Angeles, 885 F.2d at 1443, internal quotation marks omitted. "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." Thompson v. City of Los Angeles, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981), internal quotation marks omitted; see Rizzo v. Goode, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).

Here, Plaintiff's allegations do not relate to a policy or custom resulting in a constitutional violation but instead relates to the actions of officers allegedly using excessive force during an

1  arrest.  Although Plaintiff alleges that there is a policy regarding the use of tasers and stun guns,
2  he does not explicitly identify it, nor does he demonstrate how this particular policy resulted in the
3  excessive force that he alleges.  Plaintiff merely makes conslusory statements that the "chief head
4  officers" are liable.  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
5  claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949.  While factual allegations are
6  accepted as true, legal conclusion are not.  Id. at 1949.  Moreover, detailed factual allegations are
7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
8  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. at 1949.  (citing Bell Atlantic
9  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).

10          g.      *Individual v. Official Capacities*
11          In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme
12  Court held that states, state agencies, and state officials sued in their official capacities are not
13  persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a
14  suit against a state official in his or her official capacity is a suit against the official's office, and as
15  such is no different from a suit against the state itself, which would be barred by the Eleventh
16  Amendment. Id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999); Stivers v. Pierce,
17  71 F.3d 732, 749 (9th Cir.1995).  In addition, "the Eleventh Amendment bars actions against state
18  officers sued in their official capacities for past alleged misconduct involving a complainant's
19  federally protected rights, where the nature of the relief sought is retroactive, i.e., money
20  damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir.1988).
21          To the extent the Plaintiff's complaint names all of the defendants in their official
22  capacities, it fails to state a cause of action.  Accordingly, it is recommended that the complaint be
23  DISMISSED WITHOUT LEAVE TO AMEND against any defendants named in their official
24  capacities.
25  ///
26  ///
27  ///
28  ///

1     **3.     State Law Claims**

2     Plaintiff brings causes of action for violations of Article I, § 13 of the California

3 Constitution and California Civil Code § 52.1(a) .

4         a.    *California Constitutional Claim*

5     To the extent that Plaintiff seeks damages for violations of California Constitution, Art. 1,

6 and § 13 (unreasonable search and seizure), he may not do so.  A plaintiff may not bring damages

7 claims directly under Article 1, § 13.  See Brown v. County of Kern, 2008 WL 544565, *17

8 (E.D.Cal. February 26, 2008) (plaintiff in an excessive force case could not bring a damages claim

9 directly under Article 1, 13 of the California Constitution in part because alternative statutory

10 and/or common law causes of action were available); Wigfall v. City and County of San

11 Francisco, 2007 WL 174434 (N.D. Cal. Jan. 22, 2007) ("Neither the plain language of the Article

12 I, section 13, nor the available legislative history indicate an intent on behalf of the California

13 Legislature to permit the recovery of monetary damages for its violation.")

14     As described below,  California Civil Code § 52.1(a), provides another statutory

15 framework that addresses Plaintiff's claims.  Since Plaintiff may bring his claims pursuant to

16 another statute, he may not bring a claim under the California Constitution.  Therefore, the Court

17 recommends that the cause of action based on a violation of Article I, § 13 of the California

18 Constitution be DISMISSED WITHOUT LEAVE TO AMEND.

19         b.    *California Civil Code § 52.1*

20     Plaintiff alleges violations of California Civil Code § 52.1(a) for unreasonable search and

21 seizure under the California constitution.  Section 52.1 states, in relevant part:

22     (a) If a person or persons, whether or not acting under color of law,
    interferes by threats, intimidation, or coercion, or attempts to interfere by threats,
23     intimidation, or coercion, with the exercise or enjoyment by any individual or
    individuals of rights secured by the Constitution or laws of the United States, or of
24     the rights secured by the Constitution or laws of this state, the Attorney General, or
    any district attorney or city attorney may bring a civil action for injunctive and
25     other appropriate equitable relief in the name of the people of the State of
    California, in order to protect the peaceable exercise or enjoyment of the right or
26     rights secured ...

27     (b) Any individual whose exercise or enjoyment of rights secured by the
    Constitution or laws of the United States, or of rights secured by the Constitution
28     or laws of this state, has been interfered with, or attempted to be interfered with, as
    described in subdivision (a), may institute and prosecute in his or her own name

13

and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Although Plaintiff alleges a cause of action pursuant to Cal. Civ. Code § 52.1(a), section 52(b) appears to be the appropriate section since Plaintiff is a private citizen rather than a state or city attorney.

The statute of limitations for this cause of action is three years so Plaintiff's claims is not time barred. California Civil Code § 338(a); Stamps v. Superior Court, 136 Cal. App. 4th 1441, 1449, 39 Cal. Rptr. 3d 706 (2d Dist. 2006). However, Plaintiff is advised that California's Tort Claims Act ("CTCA") requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("CVCGCB"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.[3] Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988).

Here, Plaintiff alleges that the incident occurred on March 20, 2008, and that he mailed his complaint to the California Victim Compensation and Government Claims Board by handing it to a correctional officer on January 3, 2010. Thus, he mailed is complaint more than six months

---

[3] There is no formal requirement for the exhaustion of state judicial or administrative remedies for claims made under § 1983. Ellis v. Dyson, 421 U.S. 426, 432-33, 95 S.Ct. 1691 (1975); a plaintiff need not comply with the requirements of the California Tort Claims Act when bringing a federal civil rights action. Donovan v. Reinbold, 433 F.2d 738, 741 (9th Cir.1970); Lacey v.C.S.P. Solano Medical Staff, 990 F.Supp. 1199, 1206-07 (E.D.Cal.1997). A failure to comply with California's tort claims requirement does not vitiate any claim of Plaintiff's pursuant to § 1983.

after the incident in question occurred.  Therefore, Plaintiff's state law claim pursuant to California Civil Code § 52.1 appears to be barred by the CTCA.  In the Complaint, Plaintiff contends that the denial CVCGCB extends the time that he can file this lawsuit, however, the cases cited by Plaintiff are not applicable here.

   Cal. Gov't Code § 911.4 permits application to file a late claim under the CTCA. Cal. Gov't Code § 911.4(a).  However, to state a claim, Plaintiff must allege compliance or circumstances excusing compliance with the CTCA. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543.  Plaintiff's complaint does contain any allegations that he timely complied with the requirements of the CTCA.   Under California law, failure to allege facts either demonstrating or excusing compliance with the CTCA subjects a complaint to dismissal for failure to state a claim. See California v. Superior Ct. (Bodde), 32 Cal.4th at 1245.  Accordingly, Plaintiff will be given leave to amend this claim, however, any amended complaint shall allege facts either demonstrating or excusing compliance with the CTCA.

   g. *Leave to Amend the Complaint*

   Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint for the causes of action specifically listed above. (Emphasis added).   If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case and be labeled "First Amended Complaint."  The clerk is directed to send Plaintiff a blank civil rights complaint form, which Plaintiff is encouraged to utilize.  If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

**RECOMMENDATIONS**

For the reasons set forth above, the Court RECOMMENDS that the following causes of action be DISMISSED WITHOUT LEAVE TO AMEND:

1) Plaintiff's allegations of a violation 42 U.S.C. § 1983 based on the Eighth and Fourteenth Amendment of the United States Constitution;

2) Plaintiff's claim made pursuant to Article 1 § 13 of the California Constitution; and

3) Any causes of action made against any defendants in their official capacities.

Further, the Court also recommends that the following defendants be DISMISSED WITHOUT LEAVE TO AMEND from this action:

1) the Fresno California Highway Patrol

2) the Visalia County Highway Patrol

3) the Tulare County Highway Patrol

4) the Tulare County Sheriff's Department and

5) the Visalia Police Department

Finally, the Court recommends that the following causes of action be DISMISSED WITH LEAVE TO AMEND:

1) Plaintiff's claim made pursuant to 42 U.S.C. § 1983 for any violations of the Fourth Amendment of the United States Constitution against any law enforcement officer or supervisor in their individual capacity, or against the City of Visalia; and

2) Plaintiff's cause of action based on a violation of California Civil Code § 52.1

Plaintiff is advised that when filing an amended complaint he should consider the instructions contained in this order. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. If Plaintiff attempts to amend beyond the claims outlined above, the Court will recommend that the entire action be dismissed. Plaintiff is also advised that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute this action.

These findings and recommendations will be submitted to the Honorable Oliver W.

Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 3, 2010**         /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE