1

2

3

4

# UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF CALIFORNIA

6

| | | |
|---|---|---|
| RICHARD GODINEZ, | ) | 1:10-cv-303 OWW GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING CASE |
| | ) | |
| FELIX M. LARA, FRESNO CALIFORNIA | ) | (Doc. 8) |
| HIGHWAY PATROL, VISALIA | ) | |
| COUNTY HIGHWAY PATROL, TULARE | ) | |
| COUNTY HIGHWAY PATROL, TULARE | ) | |
| COUNTY SHERIFF'S OFFICE, VISALIA | ) | |
| POLICE DEPARTMENT, CITY OF | ) | |
| VISALIA, JOHN DOES, 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

On May 3, 2010, the Magistrate Judge issued Findings and Recommendations recommending that several causes of action, as well as several defendants be dismissed from this action. The Court further recommended that Plaintiff be allowed to file an amended complaint to address specific claims. This Court adopted the Findings and Recommendation on June 22, 2010. (Doc. 8). Plaintiff was ordered to serve an amended complaint within thirty (30) days of the service of the order. To date, Plaintiff has failed to comply with this Court's order.

## DISCUSSION

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

1   including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d

2   829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

3   failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

4   <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

5   local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

6   comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439,

7   1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs

8   to keep court apprized of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir.

9   1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421,

10  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In

11  determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or

12  failure to comply with local rules, the court must consider several factors: (1) the public's interest

13  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

14  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

15  and (5) the availability of less drastic alternatives. <u>Ghazali</u>, 46 F.3d at 53; <u>Ferdik</u>, 963 F.2d at

16  1260-61;  <u>Malone</u>, 833 F.2d at 130;  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at

17  1423-24.

18          In the instant case, the Court finds that the public's interest in expeditiously resolving this

19  litigation and the Court's interest in managing the docket weigh in favor of dismissal because

20  there is no indication that the Plaintiff intends to prosecute this action.  The third factor, risk of

21  prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

22  from any unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524

23  (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is

24  greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that

25  his failure to obey the court's order will result in dismissal satisfies the "consideration of

26  alternatives" requirement. <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779

27  F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint was clear that

28  dismissal would result from non-compliance with the Court's order.

**CONCLUSION**

Based on the above, IT IS HEREBY ORDERED that this action be DISMISSED for Plaintiff's failure to comply with a court order.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

**Dated:    August 4, 2010**                          _____/s/ Oliver W. Wanger_____
                                                                    UNITED STATES DISTRICT JUDGE